## STATE vs. EDWARD F. BARNEY.

The father of an infant child is entitled to its custody rather than the mother.
When the father has intrusted the child to its grandmother, the custody of the grandmother
  is in legal intendment that of the father.
Hence when the mother assisted by her brother forcibly took the child so intrusted from
  its grandmother, the force being exerted by the mother's brother and at the mother's
  request :
*Held,* that the brother was criminally liable for assault and battery.

EXCEPTIONS to the Court of Common Pleas.

*January* 13, 1883. DURFEE, C. J. This case comes up from the Court of Common Pleas on exceptions preferred by the defendant, who was tried in that court on an indictment for assault and battery on one Laura A. Tourtellott. She is the mother of one L. H. Tourtellott, and lived with him and his infant daughter Ethel, a girl about three and a half years old, and, at the time of the assault, had been intrusted by him with the care of the child. The defendant is a brother of Ida H. Tourtellott, the mother of the child, who appears to have been living apart from her husband. Ida H. and the defendant went to her husband's house, in her husband's absence, and took the child away. The alleged assault was committed, according to the defendant's testimony, in aiding his sister, at her desire, to get the child from Laura A. Tourtellott, who had her in her arms, and refused to give her up. He testified that he used no more force than was necessary for the purpose. He contended that the mother had the right to the child as against the said Laura, and consequently had the right to take her away from said Laura by force, if the said Laura refused to give her up, and that if he aided the mother in this, at the mother's request, using no more force than was necessary to unloose said Laura's hands, he was not guilty of assault and battery, and asked the court to so charge the jury. The court, however, refused, but did charge that the child, in law, was in possession of the father when in possession of the grandmother, having been committed by him to her care ; and that no one, not even the mother, had the right to take her forcibly away ; and that, therefore, if the defendant used the force which he admitted that he used, he was guilty under the indictment. The question

is whether the court in so charging committed any error. We think not. The father was entitled to have the child in preference to the mother, and, therefore, when he committed the child to the grandmother to keep for him, the grandmother was entitled in his right to keep her against even the mother herself. It is true the custody is sometimes taken from a father and given to the mother, if the welfare of the child demands the change; but it does not appear that there was any reason for the change here, and if there was, it was for the court to make or sanction it by adjudication, and not for the mother, or the defendant in her behalf, to undertake to accomplish it by force.                    *Exceptions overruled.*

*Samuel P. Colt*, Attorney General, for plaintiff.

*Nicholas Van Slyck & George F. Verry*, for defendant.